IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 20-441 |
| | : | |
| JOSEPH RUBINO | : | |

McHUGH, J.                                                                                                            January 3, 2025

## MEMORANDUM

On September 29, 2022, Defendant Joseph Rubino was sentenced by the Honorable Darnell Jones of this Court to 25 months' imprisonment for selling illegal machineguns – specifically, machinegun conversion devices that were designed and intended for use in converting semiautomatic Glock pistols to fire automatically – in violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5681(e). ECF 39. More than a year later, on February 2, 2024, Mr. Rubino returned with a motion to vacate his conviction, styled as an application for a writ of error coram nobis. ECF 42. The motion was based on the premise that his conviction had been rendered unconstitutional by the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (2022). I denied that motion, concluding that "*Bruen* cannot credibly be construed to permit trafficking in machine guns." ECF 43. Mr. Rubino filed a notice of appeal more than 60 days later, and now seeks to have his untimeliness excused.

As a threshold matter, regardless of whether Defendant's initial post-trial motion is characterized as a traditional motion under 28 U.S.C. § 2255 or an application for a writ of coram

1

nobis, the same sixty-day deadline for filing an appeal would apply. With respect to the current motion, I agree with the Government that it is not a proper motion under Federal Rule of Civil Procedure 60(b), because it does not attack any underlying defect in prior proceedings or the merits of the disposition of his initial motion. Rather, the pending motion is properly evaluated under Federal Rule of Appellate Procedure 4(a)(6). The controlling question then becomes whether Mr. Rubino received notice of my order denying his initial motion for post-trial relief.

Under Federal Rule of Civil Procedure 77(d), the Clerk of Court is obligated to provide notice under Federal Rule of Civil Procedure 5(b). Under subsection 5(b)(2)(C), in cases where a party is not registered for electronic service, such as *pro se* litigants, service is deemed complete upon mailing to the address of record the litigant has provided to the Court. In this case, the docket reflects such mailing occurred on February 7, 2024, the same date the order was entered, and in accordance with standard practice was sent to the address Defendant provided to the Court: 23 State Route 15, Lafayette, NJ 07848. ECF 42 at 10. That address has not changed, as evidenced by the fact that the current pending motion, ECF 46, reflects the same address as his initial motion for post-trial relief. If mail is returned as not deliverable, that fact is noted in a separate entity on the docket. There is no evidence here of a failure of delivery, and more than enough time has elapsed for mail to be returned if in fact it was not delivered.

Mr. Rubino complains that the Clerk was not specifically directed to provide him with notice of the order denying his earlier motion, but no such order was required because *pro se* litigants are automatically served by the Clerk, as the docket here reflects.

Mr. Rubino's contention is not supported by any attestation under oath. Absent reliable evidence that Mr. Rubino did not receive notice, there is no basis for granting the relief he seeks.

An appropriate order follows.

<u>/s/ Gerald Austin McHugh</u>
United States District Judge